UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, Inc.,<br>           Plaintiff,<br>v.<br><br>MOTOROLA MOBILITY LLC, *et al.*,<br>           Defendants. | Case No.  5:13-cv-01774-PSG<br><br>**ORDER REGARDING PROCEDURE FOR RESOLUTION OF DISPUTES CONCERNING DISCOVERY AND OTHER NON-DISPOSITIVE ISSUES** |
| ADAPTIX, Inc.,<br>           Plaintiff,<br>v.<br><br>APPLE, INC., *et al.*,<br>           Defendants. | Case No.  5:13-cv-01776-PSG |
| ADAPTIX, Inc.,<br>           Plaintiff,<br>v.<br><br>APPLE, INC., *et al.*,<br>           Defendants. | Case No.  5:13-cv-01777-PSG |
| ADAPTIX, Inc.,<br>           Plaintiff,<br>v.<br><br>AT&T MOBILITY LLC, *et al.*,<br>           Defendants. | Case No.  5:13-cv-01778-PSG |
| ADAPTIX, Inc.,<br>           Plaintiff,<br>v.<br><br>CELLCO PARTNERSHIP *d/b/a*<br>VERIZON WIRELESS, *et al.*,<br>           Defendants. | Case No.  5:13-cv-01844-PSG |
| ADAPTIX, Inc.,<br>           Plaintiff,<br>v.<br><br>APPLE, INC., *et al.*,<br>           Defendants. | Case No.  5:13-cv-02023-PSG |

**ORDER REGARDING PROCEDURE FOR RESOLUTION OF DISPUTES CONCERNING DISCOVERY AND OTHER NON-DISPOSITIVE ISSUES**

If, after conducting good faith meet-and-confer efforts in person or by telephone, counsel are unable to resolve a discovery or other non-dispositive dispute, counsel for the moving party or parties shall contact chambers at (408) 535-5438 to schedule a teleconference with the Court and to advise which parties have disputes. Once the teleconference has been scheduled, the moving party or parties shall file a "Motion for Teleconference To Resolve Dispute(s)."[1] The following procedures shall apply:

1. <u>Letter Briefs</u>: By no later than 5:00 p.m. Pacific seven (7) court days prior to the date of the conference, each moving party shall file a letter brief with the Court, not to exceed four (4) pages, in no less than 12 point font, outlining the issues in dispute and its position on those issues. No more than three (3) disputed issues may be raised in the letter brief. By no later than 5:00 p.m. Pacific two (2) court days prior to the date of the conference, each party opposing a request for relief may file a letter brief, not to exceed four (4) pages, in no less than 12 point font, outlining that party's reasons for its opposition. No reply letter briefs may be filed.

2. <u>Attachments/Exhibits</u>: Generally, there should be limited attachments or exhibits to the letter briefs. For example, in a dispute regarding written discovery, only the disputed interrogatory, request for admission, or request for production and the responses as they exist at the time of the letter briefs should be attached. The history of the parties' attempts to resolve and/or narrow the issues shall not be included; however, suggested solutions to the issues shall

---

[1] The suggested text for this motion is as follows:

[*JOINT*] MOTION FOR TELECONFERENCE TO RESOLVE [*DISCOVERY or NON-DISPOSITIVE*] DISPUTE[*S*]

[*Name or Names of parties*] respectfully moved this Court to schedule a teleconference to address outstanding disputes regarding [*discovery or other non-dispositive*] matters. As a result of a previous teleconference with Chambers, the parties will provide submissions and present their respective positions consistent with the Court's Procedures for Resolving Discovery and Non-Dispositive Disputes during a teleconference on [*date and time*] with counsel for [*moving party*] to initiate the call.

be included in the letter briefs.  Cases and transcripts cited and relied upon in the letter briefs may be attached as exhibits.

      3.     <u>Sworn Declarations</u>:  To the extent factual issues are disputed or central to the Court's analysis (*e.g.*, disputes regarding attorney-client privilege, work product doctrine, privilege logs, etc.), non-conclusory, sworn declarations may be attached as exhibits, but only to the extent necessary to establish the facts.

      4.     <u>Proposed Order</u>:  A proposed order shall be attached as an exhibit to the moving party's letter brief.  The proposed order shall set forth the nature of the relief requested, including the date by which the requested relief is to be completed.

Should the Court find further briefing is necessary upon the conclusion of the teleconference, the Court will order it.

Counsel shall provide the Court with a list of the teleconference participants on a separate page accompanying its letter brief.  The list will not be counted as part of the page limitation for the letter brief.  Participating counsel will have the option to appear in Court in person rather than by phone at the time of the scheduled teleconference.

A dispute that arises during a deposition may still be addressed in accordance with Civil L.R. 37-1(b) as appropriate.  If, however, the parties fail to contact chambers during the deposition or the Court is unable to address the dispute at that time, then the parties may request relief in accordance with the above procedure.

The deadlines set forth in Civil L.R. 37-3 shall apply to the above procedure.

IT IS SO ORDERED.

Dated: _____      _____
                                                    PAUL S. GREWAL
                                                    United States Magistrate Judge